**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
|     JOHN KOTEY | ) | Case No. 10-18406-BFK |
| | ) | Chapter 13 |
|         Debtor | ) | |
| | ) | |
| JOHN KOTEY | ) | |
| | ) | |
|         Plaintiff | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 11-01202 |
| | ) | |
| CITIMORTGAGE, INC. | ) | |
| | ) | |
|         Defendant | ) | |

**ORDER ALLOWING STRIP OFF**
**OF WHOLLY UNSECURED LIEN**

This matter comes before the Court on the Debtor's Motion (Docket No. 12) for entry of a default judgment against CitiMortgage, Inc. (herein after, "Citi"). The issue is whether the Debtor, who was previously discharged in a chapter 7 case and is not eligible for a discharge in this case, can "strip off" Citi's second, wholly unsecured lien against his residence. The Court concludes that he can.

The Debtor filed his Chapter 13 petition on October 4, 2010. On April 7, 2011, the Court entered an Order (Docket No. 27) preventing a discharge in this case because the Debtor had already received a discharge in a Chapter 7 case within the four years prior to the filing of his petition in this case. 11 U.S.C. § 1328(f)(1). On April 19, 2011, the Court entered an Order confirming the Debtor's Amended Chapter 13 Plan. Docket No. 32. On June 3, 2011, the Debtor filed and served an Objection to Citi's claim, asserting that he had no personal liability on

1

the claim by virtue of his previous discharge in Chapter 7. Docket No. 37. The Court sustained the Objection to Citi's claim, and, on July 7, 2011, entered an order disallowing the claim. Docket No. 39.[1]

The Debtor filed this Adversary Proceeding on April 8, 2011. The Complaint seeks to avoid, or strip-off, the second deed of trust lien held by Citi against the Debtor's residence, pursuant to Bankruptcy Code Section 506(a). The Complaint alleges that the property has a value of $460,000, which is supported by an appraisal. Complaint, ¶ 7. The Complaint further alleges that the first deed of trust has a balance of $537,049. *Id.* at ¶ 9. The Complaint asserts, therefore, that Citi's lien, in the amount of $138,009, is wholly unsecured, and can be avoided pursuant to Bankruptcy Code Section 506(a).

The Summons and Complaint were properly served (Docket No. 8), and Citi did not respond. The Debtor moved for a default judgment against Citi on December 8, 2011. Docket Nos. 11 - 13. At the default hearing, the Court requested, from Debtor's counsel, authorities in support of the requested relief, noting that there is substantial disagreement in the case law as to whether a so-called "Chapter 20" debtor can strip off a mortgage lien where the Debtor is not eligible for a discharge. Debtor's counsel has done so, and the matter is ripe for a decision.

The cases appear to be equally divided on the issue of whether one can strip off a lien in a Chapter 20 case where the Debtor is not eligible for a discharge. *Compare* cases denying lien stripping: *In re Sadowski*, No. 10-21894, 2011 WL 4572005 (Bankr. D. Conn. Sept. 30, 2011); *In re Gerardin,* 447 B.R. 342 (Bankr. S.D. Fla. 2011); *In re Jarvis*, 390 B.R. 600 (Bankr. C.D. Cal. 2008); *In re Fenn*, 428 B.R. 494 (Bankr. N.D. Ill. 2010); *In re Tran,* 431 B.R. 230, 238 (Bankr. N.D. Cal. 2010) (holding that plan was filed in bad faith); *In re Judd*, No. 6:11-bk-

---

[1] The Court notes that, in confirming the Debtor's Plan, the Court implicitly found that there was no bad faith in the filing of the case, nor in the terms of the Plan itself. 11 U.S.C. §§ 1325(a)(3) and (7).

2

04093-ABB, 2011 WL 6010025 (Bankr. M.D. Fla. Dec. 1, 2011); *In re Quiros-Amy,* 456 B.R. 140 (Bankr. S.D. Fla. 2011); *Orkwis v. MERS (In re Orkwis)*, 457 B.R. 243 (Bankr. E.D.N.Y. 2011); *Bank of Prairie v. Picht (In re Picht),* 428 B.R. 885 (B.A.P. 10th Cir. 2010); *Erdmann v. Charter One Bank (In re Erdmann),* 446 B.R. 861 (Bankr. N.D. Ill. 2011); with cases allowing lien stripping: *Fisette v. Keller (In re Fisette),* 455 B.R. 177 (B.A.P. 8th Cir. 2011); *In re Fair*, 450 B.R. 853 (E.D. Wis. 2011); *In re Jennings*, 454 B.R. 252 (Bankr. N.D. Ga. 2011); *In re Grignon*, No. 10-34196-tmb13, 2010 WL 5067440 (Bankr. D. Or. Dec. 7, 2010); *In re Scotto-DiClemente,* 459 B.R. 558 (Bankr. D.N.J. 2011); *In re Frazier*, 448 B.R. 803 (Bankr. E.D. Cal. 2011); *Davis v. TD Bank, N.A. (In re Davis)*, 447 B.R. 738 (Bankr. D. Md. 2011); *In re Waterman,* 447 B.R. 324 (Bankr. D. Colo. 2011); *In re Okosisi*, 451 B.R. 90 (Bankr. D. Nev. 2011); *In re Miller*, 462 B.R. 421 (Bankr. E.D.N.Y. 2011); *In re Gloster*, 459 B.R. 200 (Bankr. D.N.J. 2011).[2]

Section 1325(a)(5), which was added as a part of the 2005 BAPCPA amendments to the Bankruptcy Code, deals with the treatment of secured claims in a Chapter 13 plan. It states that the plan must provide:

> *with respect to each allowed secured claim provided for by the plan -*
>
> (A)  the holder of such claim has accepted the plan;
>
> (B)   (i) the plan provides that –
>
>    (I)   the holder of such claim retain the lien securing such claim until the earlier of –

---

[2] This is not intended to be an exhaustive list. Rather, the cases are cited to demonstrate the roughly even split of authorities on the issue. Debtor's counsel also cites *First Mariner Bank v. Johnson*, 411 B.R. 221, aff'd sub nom *In re Johnson*, No. 09-2205, 2011 WL 52358 (4th Cir. Jan. 6, 2011), as "controlling authority." Debtor's Mem., p. 4. The Fourth Circuit's opinion is unpublished. As such, it is not a controlling authority. The Opinion itself says: "Affirmed by unpublished PER CURIAM opinion. Unpublished opinions are not binding precedent in this circuit." In any event, the *Johnson* case did not involve a Chapter 20 Debtor.

      (aa) the payment of the underlying debt determined under nonbankruptcy law; or

      (bb) discharge under section 1328; and

    (II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable bankruptcy law;

  (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and

  (iii) if –

    (I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly installments; and

    (II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or

(C) the debtor surrenders the property securing such claim to such holder.

11 U.S.C. § 1325(a)(5) (emphasis added).

    The Court finds the reasoning of cases like *Davis v. TD Bank (In re Davis)*, 447 B.R. 738 (Bankr. D. Md. 2011), and *In re Okosisi,* 451 B.R. 90 (Bankr. D. Nev. 2011), to be persuasive. *See Davis v. TD Bank (In re Davis)*, 447 B.R. at 748 ("Retaining an *in rem* claim following a Chapter 7 discharge does not produce an allowed secured claim for purposes of Section 1325(a)(5) where there is no value to support the lien"); *In re Okosisi*, 451 B.R. at 98 ("[W]hen a creditor is wholly unsecured after application of Section 506(a), the creditor has only an unsecured claim for purposes of Section 1322(b)(2). The creditor is not the holder of a secured claim, and as such, Section 1325(a)(5), which, by its language applies only to secured claims, does not apply to the wholly unsecured creditor"). Citi's lien is wholly unsecured. Citi,

therefore, is not the holder of an allowed secured claim under 11 U.S.C. § 506(a), and is not entitled to the protections that Section 1325(a)(5) affords to holders of allowed secured claims.

Accordingly, the Court will allow the strip off of Citi's wholly unsecured lien in this case.

It is, therefore, **ORDERED** as follows:

1. Counsel for the Debtor shall submit an Order granting default judgment and stripping off Citi's wholly unsecured lien.

2. The Clerk shall mail copies of this Order, or provide CM-ECF notice of its entry, to the parties below.

Date: _____

                                                Brian F. Kenney
                                                United States Bankruptcy Judge

Copies to:

John Kotey
3782 Mary Evelyn Way
Alexandria, VA 22309
Plaintiff

Tommy Andrews, Jr., Esquire
Tommy Andrews, Jr. P.C.
122 North Alfred St.
Alexandria, VA 22314
Counsel for the Plaintiff

Citimortgage, Inc.
c/o Sanjiv Das, Pres./CEO
1000 Technology Drive
O'Fallon, MO 63368
Defendant